# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-10-02417 |
| VITO J. PIZZO | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## CERTIFICATION OF MAILING OF FIRST AMENDED CHAPTER 13 PLAN

The undersigned, certifies that he is over 18 years of age and that on April 6, 2021 he caused to be mailed via First Class U.S. Mail, postage pre-paid, the First Amended Plan, a copy of which is attached hereto as Exhibit "A"; along with the Notice of Filing of Amended Plan, a copy of which is attached hereto as Exhibit "B"; to the parties set forth in the Mailing Matrix, a copy of which is attached hereto as Exhibit "C". This statement is made subject to the penalties of perjury.

**Law Offices of Brian E. Manning**

/s/ Brian E. Manning
Brian E. Manning, Esquire
502 S. Blakely, St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808

Dated: April 6, 2021

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>VITO J. PIZZO<br><br>**Debtor(s)** | CHAPTER: 13<br><br>CASE NO. 5-20-02417<br><br>☐ ORIGINAL PLAN<br>**1ST** AMENDED PLAN (indicate #)<br>**NONE** Number of Motions to Avoid Liens<br>**NONE** Number of Motions to Value Collateral |
|---|---|

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.


EXHIBIT "A"

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>
    1. To date, the Debtor paid $ 0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ Enter text here plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 04/2021 | 10/2025 | 879.15 | 0.00 | 879.15 | 48,353.39 |
    | | | | | | |
    | | | | | Total Payments: | 48,353.39 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☑ Debtor is at or under median income.

    B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>
    1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

        *Check one of the following two lines:*
        ☐ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

        ☐ Certain assets will be liquidated as follows:

2

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:  Enter text here

**2. SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.**  *Check One:*

   ☑ None.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**  *Check One:*

   ☐ None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*

   ☐ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Fay Servicing | Debtor's Residence | 8521 |
|  |  |  |
|  |  |  |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**  *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Fay Servicing | Debtor's Residence | 34,306.03 | 8,151.60 | 42,457.63 |
| | | | | |
| | | | | |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

**F. Surrender of Collateral.** *Check One:*

☑ None.

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

☑ None.

4

**3. PRIORITY CLAIMS.**

    **A. Administrative Claims**

      1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $ 4000.00 already paid by the Debtor, the amount of $ 0 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

        ☐ None.
        *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

        ☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

    **B. Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|

5

Rev 12/01/19

| Internal Revenue Service | 1500.00 |
|---|---|
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*

☐ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

4. **UNSECURED CLAIMS.**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

   ☑ None.

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

   ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

6

Case 5:20-bk-02417-HWV    Doc 55    Filed 04/06/21    Entered 04/06/21 13:02:21    Desc
                         Main Document       Page 7 of 13

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

7. **DISCHARGE:** *(Check one)*

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here
   Level 2: Enter text here
   Level 3: Enter text here
   Level 4: Enter text here
   Level 5: Enter text here
   Level 6: Enter text here
   Level 7: Enter text here
   Level 8: Enter text here

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.
   Level 3: Domestic Support Obligations.
   Level 4: Priority claims, pro rata.
   Level 5: Secured claims, pro rata.
   Level 6: Specially classified unsecured claims.
   Level 7: Timely filed general unsecured claims.
   Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Enter text here

Dated: April 6, 2021

Brian E. Manning
Attorney for Debtor

Vito Pizzo
Debtor

Enter text here
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-20-02417 |
| VITO J. PIZZO | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## NOTICE OF FILING OF FIRST AMENDED PLAN

**To: Creditors, Parties in Interest and the Office of the United States Trustee**

    **NOTICE IS HEREBY GIVEN THAT** the Debtor in the above matter has filed a **First Amended Plan**. A copy of the **First Amended Plan** is included with this Notice.

    A confirmation Hearing on the First Amended Plan has been scheduled for

**Date: June 3, 3021 at 9:30 a.m.**
**Time 9:30 a.m.**
**Place: Courtroom No. 2**
**United States Bankruptcy Court**
**Max Rosenn U.S. Courthouse**
**197 S. Main St.**
**Wilkes-Barre, PA 18701**

    Any objection/response to the **First Amended Plan** must be filed with the Court and served upon counsel for the Debtor at the address listed below, on or before **May 26, 2021.** Any filing must conform to the Rules of Bankruptcy Procedure, unless the Court determines otherwise. Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

    If Service was properly made and any creditor or other party in interest failed to file an objection/response by the above specified date, the Court may determine after review of the **First Amended Plan** that no hearing is required and confirm the First Amended Plan.

Brian E. Manning, Esquire
**Law Office of Brian E. Manning**
502 S. Blakely St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808
Email: brianemanning@comcast.net
Attorney for the Debtor

Date of Mailing: April 3, 2021

EXHIBIT "B"

Label Matrix for local noticing
0314-5
Case 5:20-bk-02417-HWV
Middle District of Pennsylvania
Wilkes-Barre
Tue Apr  6 12:48:07 EDT 2021

Amato & Keating
107 N Commerce Way
Bethlehem, PA  18017-8913

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX  79998-1540

Amex
PO Box 981537
El Paso, TX  79998-1537

Bank Cs LLC/Fidelity D
101 N Blakely St
Dunmore, PA  18512-1901

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT  84130-0285

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Capital One Bank USA N
PO Box 30281
Salt Lake City, UT  84130-0281

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Discover Bank
Discover Product Inc
PO BOX 3025
New Albany, OH 43054-3025

Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE  19850-5316

Discover Financial
Attn: Bankruptcy
PO Box 3025
New Albany, OH  43054-3025

Enhanced Recovery Co L
PO Box 57547
Jacksonville, FL  32241-7547

Fay Servicing LLC
Attn: Bankruptcy Dept
PO Box 809441
Chicago, IL  60680-9441

Fay Servicing, LLC
c/o McCalla Raymer Leibert Pierce, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076-2102

Fayfinancial
1601 Lyndon B Johnson Fwy
Farmers Branch, TX 75234-6512

Fidelity Deposit & Discount Bank
338 N. Washington Avenue
Scranton, PA 18503-1554

Fidelity Deposit & Discount Bank
338 North Washington Avenue
Scranton, PA 18503-1554

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC c/o Resurgent Capital Serv
PO Box 10587
Greenville, SC 29603-0587

Law Office of Brian E Manning
502 S Blakely St
Dunmore, PA  18512-2237

MIDLAND CREDIT MANAGEMENT, INC. as agent for
Asset Acceptance, LLC
Po Box 2036
Warren MI 48090-2036

Manley  Deas Kochalski, LLC
PO Box 165028
Columbus, OH  43216-5028

Brian E Manning
502 South Blakely Street
 Suite B
Dunmore, PA 18512-2237

Mariner Finance
8211 Town Center Dr
Nottingham, MD  21236-5904

Mariner Finance, LLC
Attn: Bankruptcy
8211 Town Center Dr
Nottingham, MD  21236-5904

Midland Credit Managem
320 E Big Beaver Rd
Troy, MI  48083-1238

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

| | | |
|---|---|---|
| Onemain<br>PO Box 1010<br>Evansville, IN  47706-1010 | Onemain Financial<br>Attn: Bankruptcy<br>PO Box 3251<br>Evansville, IN  47731-3251 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Pennsylvania Department of Revenue<br>Bankruptcy Division<br>P.O. Box 280946<br>Harrisburg, PA 17128-0946 | Vito J. Pizzo<br>511 Harrison Ave<br>Scranton, PA 18510-2311 | Pizzo Vito J<br>511 Harrison Ave<br>Scranton, PA  18510-2311 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Raymour & Flanigan<br>Attn: Bankruptcy<br>PO Box 130<br>Liverpool, NY  13088-0130 | Joseph P Schalk<br>Office of the United States Trustee<br>228 Walnut Street<br>Suite 1190<br>Harrisburg, PA 17101-1722 |
| Rebecca Ann Solarz<br>KML Law Group, P.C.<br>701 Market St.<br>Suite 5000<br>Philadelphia, PA 19106-1541 | Jill M. Spott<br>Sheils Law Associates, PC<br>108 North Abington Road<br>Clarks Summit, PA 18411-2505 | Syncb/amazon<br>PO Box 965015<br>Orlando, FL  32896-5015 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 | Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL  32896-5060 | TD Retail Card Services<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Tdrcs/raymour & Flanig<br>1000 Macarthur Blvd<br>Mahwah, NJ  07430-2035 | The Sherwin Williams Co.<br>811 S Washington Ave<br>Scranton, PA 18505-3895 | U.S. Bank NA dba Elan Financial Services<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis MO 63166-0108 |
| US Bank Trust National Association<br>3476 Stateview Blvd<br>Fort Mill, SC  29715-7203 | US Bank Trust National Association<br>c/o Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381-4609 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 |
| James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106-1541 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Caine & Weiner<br>PO Box 55848<br>Sherman Oaks, CA  91413-0848 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Fay Servicing, LLC<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | (d)Fay Servicing, LLC<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | (d)Pennsylvania Department of Revenue<br>Bankruptcy Division  PO Box 280946<br>Harrisburg PA  17128-0946 |
| (d)Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (u)US Bank Trust National Association, Not In | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     5<br>Total                  56 |